

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

December 16, 2024

**VIA ECF**

**Anton Metlitsky**
D: +1 212 326 2291
ametlitsky@omm.com

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

**Re:** _United States of America, ex rel. Alex Doe, Relator v. Planned Parenthood Federation of America, Inc._, No. 23-11184

Dear Mr. Cayce:

Contrary to Relator's December 13, 2024 Letter, _Legacy Recovery Servs., L.L.C. v. City of Monroe_, 2024 WL 4689054 (5th Cir. Nov. 6, 2024), does not undermine the Court's jurisdiction over Appellant Planned Parenthood Federation of America's (PPFA's) appeal.

The district court in _Legacy Recovery_ had granted the defendant's motion to dismiss as to some but not all claims, and the plaintiff sought immediate appellate review as to the dismissed claims. _See_ 2024 WL 4689054, at *1. The Court dispatched that frivolous appeal in a short, unpublished per curiam opinion for many reasons, including the two Relator focuses on—_viz._, that (i) the issues on appeal were not "completely separate from the merits" (as required for collateral-order jurisdiction) because "the issues resolved are interwoven with the issues left for disposition before the district court," and (ii) "the order … will be easily reviewable on appeal from a later final judgment without jeopardizing any important right of the appellants." _Id._ at *3-*4.

The question here, in contrast, is whether a _defendant's_ assertion of attorney _immunity_ is an immediately appealable collateral order. This Court has already held that it is. _See Troice v. Proskauer Rose, L.L.P._, 816 F.3d 341 (5th Cir. 2016). That is because, unlike the partial grant of a motion to dismiss, a denial of attorney immunity _is_ "separate from the merits of the action," _id._ at 345, and _does_ deprive the defendant of "an immunity from suit" as to claims implicating attorney conduct, _id._ at 346, which cannot be remedied after defendant has already been required to litigate those claims. _See id._ at 345-47; _but see_ Letter at 1-2.

Relator also suggests that this Court lacks appellate jurisdiction over PPFA's attorney-immunity appeal because other, non-appealable claims remain to be tried in district court. Letter at 1. But the Supreme Court has expressly rejected that argument. _See Behrens v. Pelletier_, 516 U.S. 299, 312 (1996) ("when immunity with respect to [some] claims has been finally denied,



appeal must be available, and cannot be foreclosed by the mere addition of other claims [to which immunity does not apply] to the suit").


Sincerely,

/s/ Anton Metlitsky
Anton Metlitsky
O'Melveny & Myers LLP

cc: Counsel to all parties