No. 23-11184

# In the United States Court of Appeals for the Fifth Circuit

United States of America, ex. rel., Alex Doe, Relator,
*Plaintiff-Appellee,*

v.

Planned Parenthood Federation of America, Incorporated,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of Texas, Amarillo Division

## BRIEF FOR STATE OF TEXAS AS AMICUS CURIAE IN SUPPORT OF REHEARING EN BANC

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Aaron L. Nielson
Solicitor General

Kateland R. Jackson
Assistant Solicitor General
Kateland.Jackson@oag.texas.gov

*Counsel for Amicus Curiae
the State of Texas*

# Certificate of Interested Persons

No. 23-11184

United States of America, ex. Rel., Alex Doe, Relator,
*Plaintiff-Appellee,*

*v.*

Planned Parenthood Federation of America, Incorporated,
*Defendant-Appellant.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, amicus curiae, as a governmental party, need not furnish a certificate of interested persons.

/s/ Kateland R. Jackson
Kateland R. Jackson
*Counsel of Record for Amicus Curiae*

i

# Table of Contents

|  | Page |
|---|---|
| Certificate of Interested Persons | i |
| Table of Authorities | iii |
| Identity and Interest of Amicus Curiae | 1 |
| Introduction | 2 |
| Argument | 2 |
|     I.   The Panel Incorrectly Interpreted Texas Law. | 3 |
|     II.  Relator Should Go to Trial on a Separate and Unrelated Theory. | 5 |
| Conclusion | 6 |
| Certificate of Service | 7 |
| Certificate of Compliance | 7 |

# Table of Authorities

Page(s)

**Cases:**

*Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*,
   595 S.W.3d 651 (Tex. 2020) ............................................................... 2, 3

*Cantey Hanger, LLP v. Byrd*,
   467 S.W.3d 477 (Tex. 2015) ............................................................ 3, 4, 5

*Haynes & Boone, LLP v. NFTD, LLC*,
   631 S.W.3d 65 (Tex. 2021) ..................................................................... 3, 4

*Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*,
   912 F.3d 759 (5th Cir. 2019) ....................................................................... 4

*Kelly v. Nichamoff*,
   868 F.3d 371 (5th Cir. 2017) ....................................................................... 4

*Landry's, Inc. v. Animal Legal Def. Fund*,
   631 S.W.3d 40 (Tex. 2021) ..................................................................... 3, 4

*Taylor v. Tolbert*,
   644 S.W.3d 637 (Tex. 2022) ................................................................... 3, 4

*Troice v. Proskauer Rose, L.L.P.*,
   816 F.3d 341 (5th Cir. 2016) ....................................................................... 4

*United States ex rel. Doe v. Planned Parenthood Fed'n of Am., Inc.*,
   No. 23-11184, 2025 WL 618102 (5th Cir. Feb. 26, 2025) ................... 2, 5

*Youngkin v. Hines*,
   546 S.W.3d 675 (Tex. 2018) ................................................................... 3, 4

## Identity and Interest of Amicus Curiae

The State of Texas has a fundamental interest in the enforcement of its laws and the spending of its taxpayers' money. This case affects those interests, as a panel of this Court incorrectly applied Texas's common-law attorney immunity to a non-lawyer, corporate defendant, prohibiting the recovery of millions of taxpayer dollars.

# Introduction

In 2022, Texas intervened in this *qui tam* action against the Planned Parenthood Federation of America ("PPFA") and its affiliates.[1] Following the district court's partial grant of summary judgment in PPFA's favor, PPFA appealed, and a panel of this Court granted attorney immunity—a type of common-law immunity from certain liability of which attorneys in Texas may avail themselves—to PPFA on all remaining claims. *United States ex rel. Doe v. Planned Parenthood Fed'n of Am., Inc.*, No. 23-11184, 2025 WL 618102 (5th Cir. Feb. 26, 2025) (per curiam). But state-law attorney immunity does not apply to PPFA. Texas law provides attorneys immunity from suit in limited circumstances. PPFA is a corporate entity, not an attorney—and not even a law firm. Thus, Texas law does not entitle PPFA to attorney immunity, and the panel's decision otherwise is a wrong interpretation of that doctrine. Rehearing by the en banc Court or the panel is warranted to respect the appropriate scope of Texas's common-law immunity. At a minimum, the panel's decision is overly broad because it prevents Relator from advancing a separate and unrelated theory.

# Argument

This case warrants rehearing to correct the panel's decision, which erred in at least two ways. First, it incorrectly interpreted Texas law. "[A]s a general rule, attorneys" in Texas "are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 657 (Tex. 2020). This immunity,

---

[1] The State of Texas is not a party to the appeal of this case.

however, "is not boundless," *id.*; it applies only to conduct which is "within the scope of representation" and "not foreign to the duties of a lawyer," *Youngkin v. Hines*, 546 S.W.3d 675, 682 (Tex. 2018). PPFA, a corporate entity, is not an attorney and, therefore, is not entitled to attorney immunity under Texas law. The Supreme Court of Texas has never held that such immunity protects a corporate entity in the way the panel said it protects PPFA here. Second, the panel incorrectly dismissed Relator's two remaining claims, both of which should have survived to trial regardless of the attorney immunity issue.

## I. The Panel Incorrectly Interpreted Texas Law.

In Texas, attorneys are generally protected from liability to nonclients for their actions taken in the scope of representation of their client. Corporate entities, however, are not protected from liability simply because they employ in-house counsel. Under Texas common-law, "[a]ttorney immunity is a 'comprehensive affirmative defense protecting attorneys from liability to non-clients.'" *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 47 (Tex. 2021) (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)). This immunity "applies to lawyerly work in 'all adversarial contexts in which an attorney has a duty to zealously and loyally represent a client' but only when the claim against the attorney is based on 'the kind of conduct' attorneys undertake while discharging their professional duties to a client." *Taylor v. Tolbert*, 644 S.W.3d 637, 646 (Tex. 2022) (quoting *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 67 (Tex. 2021)). "[W]hen the defense applies, counsel is shielded" from liability. *Id.*

Here, the panel overlooked various aspects of Texas's common-law defense to reach a conclusion that state-law does not support. For example, when an *attorney* is sued, an *attorney* may assert the affirmative defense. *See Haynes & Boone*, 631 S.W.3d at 73; *Cantey Hanger*, 467 S.W.3d at 484 ("An attorney who pleads the affirmative defense of attorney immunity has the burden to prove that his alleged wrongful conduct, regardless of whether it is labeled fraudulent, is part of the discharge of his duties to his client."); *Kelly v. Nichamoff*, 868 F.3d 371, 375 (5th Cir. 2017) ("[A]n attorney seeking dismissal based on attorney immunity bears the burden of establishing entitlement to the defense."). *Attorneys* may shield *themselves* behind the defense from liability; they may not use the defense to shield others. *Taylor*, 644 S.W.3d at 646; *see Youngkin*, 546 S.W.3d at 682 (explaining that the defense exists to promote loyal and faithful representation "by removing the fear of *personal* liability") (emphasis added); *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016) ("Texas courts seek to protect attorneys against even defending a lawsuit."); *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 764 (5th Cir. 2019) ("[T]he attorney immunity doctrine under Texas law generally insulates a lawyer from civil liability."). And even in the limited circumstances in which the Supreme Court of Texas has extended attorney immunity beyond the attorney themselves, it has done so only to a law firm because that firm "conclusively established that its alleged conduct was within the scope of its legal representation" to its client. *See Cantey Hanger*, 467 S.W.3d at 484; *see also Landry's*, 631 S.W.3d at 52 (declining to extend attorney immunity to nonprofit organization after the court of appeals had done so).

This affirmative defense, though, does not apply to PPFA. PPFA is not a law firm, its lawyers are not defendants in this case, and both PPFA and the panel decision failed to cite to any cases expanding Texas's attorney immunity to a corporate entity like PPFA. Moreover, PPFA's use of in-house counsel does not entitle it, as a corporate entity, to assert the affirmative defense. Because Texas law does not cloak PPFA in immunity the same way the law would allow its attorneys "to advise their clients and interpose any defense or supposed defense, without making *themselves* liable for damages," the Court should rehear the panel's decision en banc. *Cantey Hanger*, 467 S.W.3d at 481 (emphasis added).

## II. Relator Should Go to Trial on a Separate and Unrelated Theory.

The Court should also grant rehearing en banc because the panel disregarded Relator's other theories of liability, which were not based on attorney conduct. The panel granted attorney immunity to PPFA based on the mistaken belief that this was simply a case involving respondeat superior liability based on strategic litigation choices for which PPFA's attorneys could assert attorney immunity. *Doe*, 2025 WL 618102, at *9. But that is incorrect. *Supra* Part I. Relator also argued that PPFA could be liable because it was aware of the fraudulent activity and did nothing to stop it. *See* Appellee Pet. Reh'g Br. at 10-11. This theory of liability is wholly independent of attorney conduct. At the very least, the panel should not have extended attorney immunity to PPFA for these actions.

## Conclusion

The Court should grant the petition.

Respectfully submitted.

| | |
|---|---|
| Ken Paxton<br>Attorney General of Texas | Aaron L. Nielson<br>Solicitor General |
| Brent Webster<br>First Assistant Attorney General | /s/ Kateland R. Jackson<br>Kateland R. Jackson<br>Assistant Solicitor General |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | Kateland.Jackson@oag.texas.gov<br><br>*Counsel for Amicus Curiae*<br>*the State of Texas* |

## Certificate of Service

On March 19, 2025, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Kateland R. Jackson
Kateland R. Jackson

## Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1147 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Kateland R. Jackson
Kateland r. Jackson