**HACKERSTEPHENS**LLP

HEATHER GEBELIN HACKER  
Partner

(512) 399-3022  
Heather@HackerStephens.com

September 9, 2025

Lyle W. Cayce, Clerk  
United States Court of Appeals for the Fifth Circuit  
600 S. Maestri Place  
New Orleans, LA 70130-3408

**Via ECF**

Re:   *United States of America, ex rel. Alex Doe, Relator v. Planned Parenthood Fed. of Am., Inc.,* No. 23-11184

Dear Mr. Cayce,

Pursuant to the Court's order on September 2, 2025, Plaintiff-Appellee submits this letter brief to "specify[] what parts of the record and briefs need to remain sealed and providing legal support for sealing, if any." ECF No. 200-2.

## I.    Legal Standard

Because "the "public's right of access to judicial proceedings is fundamental," the "working presumption is that judicial records should not be sealed." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418–19 (5th Cir. 2021). A "strict[] balancing test" for sealing applies "'once a document is filed on the public record'" and therefore "becomes a 'judicial record.'" *Id.* at 419 (citations omitted). For judicial records, the Court must balance "the public's common law right of access against the interests favoring nondisclosure." *Id.* "[E]ven under the stricter balancing standard," "good reasons" that a document may be filed under seal include "protecting trade secrets or the identities of confidential informants." *Id.*

*U.S. ex rel. Doe v. Planned Parenthood Fed. of Am.*, No. 23-11184
Page 2

## II.   Background

The sealed record on appeal contains approximately 36,000 pages of documents. The voluminous sealed record is a result of PPFA and the Affiliate Defendants' abusive designation of confidential documents, which was a repeated subject of contention between the parties in the district court. *See* ROA.4051-75, 4135-70, 4254-64, 4337-46, 7501-09. Those skirmishes began when PPFA designated 96% of its first four volumes of document production as either "confidential" or "Attorney's Eyes Only," requiring any party desiring to use such a document to file it under seal. ROA.4342. This blanket designation even included publicly available documents like news articles with the "AEO" designation. ROA.4152; *see also* ROA.13101-137, 139-47, 13322-36. The district court ordered PPFA to redesignate their documents in good faith. ROA.4346.

Many documents were still designated confidential or AEO by PPFA and the Affiliate Defendants, which resulted in summary judgment briefs and appendices being filed under seal. The sealed summary judgment filings make up a large portion of the sealed record on appeal. Relator followed each of Relator and Texas's summary judgment filings with a motion to unseal them, which was briefed three times by the parties. ROA.8511-20, 8927-35, 8937-9019, 9409-15, 9489-98, 9500-39, 11334-41, 11363-520, 11521-30, 11548-11555, 11559, 11566-77, 11589-91, 11658-11713, 11761-91. PPFA and the Affiliate Defendants have repeatedly argued in favor of keeping large amounts of their documents sealed, even as they attacked the impartiality of the district court. *See* ROA.9493-95. The district court granted the motions to unseal, agreeing that the documents PPFA claimed were confidential did not meet the *Le* standard. ROA.11548-55. The district court temporarily resealed the appendices so PPFA could file a motion for reconsideration. ROA.11559. Those appendices remain under seal because there was no ruling on the motion for reconsideration before the case was stayed by the district court pending appeal.

## III.  Documents That Should Remain Under Seal and Related Legal Justification

The limited portions of the record which identify or name the Relator should remain sealed. Relator was permitted to proceed by pseudonym after submitting

evidence of direct threats of violence, harassment, and stalking of Relator by supporters and at least one employee of Planned Parenthood. *See* ROA.12387-402, 12406-10. In this Circuit, the standard for a plaintiff proceeding anonymously mirrors the *Le* standard for sealing of judicial records: "The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Le*, 990 F.3d at 419. In weighing the two concerns, this Court looks to several factors to guide their decision, which tend to "tip the balance against the customary practice of judicial openness": whether plaintiff is "suing to challenge governmental activity;" (2) whether the suit requires plaintiff to "disclose information 'of the utmost intimacy;'" and (3) whether the suit requires plaintiff to "admit their intention to engage in illegal conduct." *Id.* at 185-86. This Court also considers whether there are specific threats of violence against the Plaintiff as a factor that will "tip the balance" against public disclosure. *See id.* at 186; *cf. Doe v. McKesson*, 945 F.3d 818, 835 n. 12 (5th Cir. 2019), *cert. granted, vacated on other grounds*, 141 S. Ct. 48 (2020) (affirming denial of protective order to proceed anonymously because threats were not directed to the plaintiff or related to the lawsuit, but just a "generalized threat of violence that all police officers face."). Here, the district court correctly held that two of the three *Stegall* factors were present, and along with the evidence of specific threats of violence to Relator from individuals employed by or associated with Planned Parenthood, this tipped the balance against public disclosure. ROA.1243-50, 12414-22; *see also* ROA.12387-402, 12406-10.

Because the following portions of the sealed record on appeal identify or contain information that could be used to identify Relator, they should remain sealed:

**ROA.12383-84:** Statement of Relator's Identity

**ROA.12387-422:** Relator's Motion for Protective Order re: Pseudonym, supporting Appendix, and Order granting the motion (Discusses details of threats against Relator, which could be identifying)

**ROA.12423-46:** Defendants' Motion to Unseal Relator's Identity and Memorandum in Support (Despite the district court's protective order, ROA.12421-

Case: 23-11184   Document: 232   Page: 4   Date Filed: 09/09/2025

*U.S. ex rel. Doe v. Planned Parenthood Fed. of Am.*, No. 23-11184
Page 4

22, this document outs Relator at ROA.12434-35. *See* ROA.1244 (identifying violation of protective order)).

**ROA.13900-13998, 14642-14736:** Affiliate Defendants' Motion to File Under Seal Memorandum in Support of its Motion for Reconsideration or Clarification of Order Relating to Common-Interest Privilege and accompanying memorandum and exhibits (Contains Relator's name and some identifying information)

**ROA.15201-212, 15348-58:** Defendants' Response to Relator's Emergency Motion for Protective Order re: third party subpoena, and Relator's Reply (Contains specific identifying information about Relator)

**ROA.18506-18507, 18203-18212, 28824-33, 29120-26**: Appendix to Defendants' Motion for Summary Judgment, excerpts of transcript of Relator's deposition (Contains some identifying information)

**ROA.26923-25, 37102-04:** Appendix to Defendants' Motion for Summary Judgment (Contains Relator's name and some identifying information)

In addition, while reviewing the record, Relator's counsel noticed some documents in the Affiliate Defendants' appendix in support of their motion for summary judgment that appear to include patient names and medical information: **ROA.18222-23, 18227-28, 28848-49.** Those patients' medical privacy, which is an important concern, outweighs the public interest in those documents. *Le*, 990 F.3d at 419.

Further, there are some documents in the sealed record which contain information that should be redacted pursuant to Federal Rule of Civil Procedure 5.2(a) before unsealing.

**IV.   Conclusion**

Relator respectfully requests that the Court keep the documents specified in Section III with bold text under seal.

*U.S. ex rel. Doe v. Planned Parenthood Fed. of Am.*, No. 23-11184
Page 5

        Respectfully submitted.

        <u>/s/Heather Gebelin Hacker</u>
        Heather Gebelin Hacker
        Counsel for Plaintiff-Appellee

cc: All counsel of record via ECF