# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2026

Lyle W. Cayce
Clerk

No. 23-11184

———————

United States of America, *ex rel*, Alex Doe, *Relator*,

*Plaintiff—Appellee*,

*versus*

Planned Parenthood Federation of America, Incorporated,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:21-CV-22

———————————————————

Before Elrod, *Chief Judge*, and Jones, Smith, Barksdale, Stewart, Richman, Southwick, Haynes, Graves, Higginson, Willett, Ho, Duncan, Engelhardt, Oldham, Wilson, Douglas, and Ramirez, *Circuit Judges*.[*]

Jennifer Walker Elrod, *Chief Judge*, and James E. Graves, Jr., *Circuit Judge*:

Relator Alex Doe alleges that, after three regional affiliates of Defendant–Appellant Planned Parenthood Federation of America, Inc., were

———————————————————

[*] Judge Oldham concurs in the judgment only.

terminated from Medicaid, the Federation masterminded an in-court and out-of-court scheme to maximize the affiliates' ability to continue submitting Medicaid claims, in violation of the False Claims Act, 31 U.S.C. §§ 3729–32, and its Texas and Louisiana state-law analogues, Tex. Hum. Res. Code § 36.002; La. Rev. Stat. § 46.438.  On cross-motions for summary judgment, the district court concluded that the Federation was not entitled to attorney immunity and denied summary judgment to the Federation on Relator's implied-false-certification and conspiracy claims.  *United States ex rel. Doe v. Planned Parenthood Fed'n of Am.*, No. 2:21-cv-22, 2023 WL 11898264, at *20–25 (N.D. Tex. Oct. 23, 2023).  The Federation appealed under the collateral-order doctrine, asking us to hold that attorney immunity shields the Federation from liability.

A panel concluded that this court has appellate jurisdiction under the collateral-order doctrine.  *United States ex rel. Doe v. Planned Parenthood Fed'n of Am.*, 2025 WL 618102, at *4 (5th Cir. Feb. 26, 2025).  On the merits, the panel reversed and remanded, reasoning that the Federation "is entitled to immunity for the acts of its attorneys."  *Id.* at *1.  We granted *en banc* rehearing.  *United States ex rel. Doe v. Planned Parenthood Fed'n of Am.*, 142 F.4th 292 (5th Cir. 2025).  We now hold that we lack jurisdiction to consider this interlocutory appeal, and we dismiss the appeal.

Generally, 28 U.S.C. § 1291 confers appellate jurisdiction to review only final district-court decisions.  *Wooten v. Roach*, 964 F.3d 395, 404 (5th Cir. 2020).  But because finality is important to cultivate "a healthy legal system," *Cobbledick v. United States*, 309 U.S. 323, 326 (1940), we must treat some interlocutory decisions as effectively final.  So the collateral-order doctrine grants appellate jurisdiction over a "small class" of nonfinal orders.  *Will v. Hallock*, 546 U.S. 345, 349 (2006).

No. 23-11184

"[O]rders denying certain immunities are strong candidates for prompt appeal under § 1291." *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 871 (1994). This is because an "immunity from suit is not only a means of prevailing on the merits, but an 'entitlement not to stand trial or face the other burdens of litigation.'" *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 991 (5th Cir. 1999) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Such entitlements are "effectively lost" if a case is improvidently allowed to proceed to trial. *Id.* (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).

"We must, however, 'view claims of a "right not to be tried" with skepticism, if not a jaundiced eye.'" *Id.* (quoting *Digit. Equip.*, 511 U.S. at 873). So "when we assess whether interlocutory review is appropriate, '[t]he critical question . . . is whether "the essence" of the claimed right is a right not to stand trial,'" or rather simply a defense to liability. *Shanks*, 169 F.3d at 991–92 (alteration in original) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 524 (1988)). Our jurisdiction to review an order denying immunity thus "turns on whether [the] claim of absolute immunity 'provides a true immunity from suit and not a simple defense to liability.'" *Id.* at 992 (quoting *Sorey v. Kellett*, 849 F.2d 960, 962 (5th Cir. 1988)). "[W]e look to state law to determine whether the basis of [the] claim is properly characterized as an immunity from suit or merely a defense to liability." *Id.* (citing *Tamez v. City of San Marcos*, 62 F.3d 123, 125 (5th Cir. 1995)).

Neither Texas nor Louisiana law provides a basis for jurisdiction in this interlocutory appeal. In *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 345–48 (5th Cir. 2016), we made the *Erie* guess that the Supreme Court of Texas would treat attorney immunity as a true immunity from suit. But since 2016, the Supreme Court of Texas has made conflicting statements characterizing attorney immunity as an affirmative defense to liability rather than a true immunity from suit—statements that, whatever their ultimate

import, unsettle the *Erie* guess that we made in *Troice*. *See, e.g.*, *Taylor v. Tolbert*, 644 S.W.3d 637, 645–46, 649 (Tex. 2022); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481–84 (Tex. 2015); *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 78–80 (Tex. 2021); *cf. In re Marshall*, 722 S.W.3d 17 (Tex. 2025) (Young, J., dissenting from denial of mandamus) (discussing the lack of clarity in the Supreme Court of Texas's caselaw regarding the nature of attorney immunity). We therefore lack confidence in *Troice* and cannot now make the *Erie* guess that Texas law provides attorneys the broadest possible protection from suit. In Louisiana, attorney immunity flows from "the traditional, majority view that an attorney does not owe a legal duty to his client's adversary," *Penalber v. Blount*, 550 So. 2d 577, 581 (La. 1989), meaning that a non-client "cannot hold [an] adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation," *Montalvo v. Sondes*, 637 So. 2d 127, 130 (La. 1994). In other words, Louisiana attorney immunity merely modifies an attorney's tort-law duties—falling short of a guarantee of no trial.

Federal common law also provides no basis for jurisdiction in this interlocutory appeal. In general, at federal common law, "a proper invocation of . . . immunity will be from the 'entire suit,'" meaning that collateral-order jurisdiction exists only when a defendant's asserted immunity "would remove it from [the] litigation and require dismissal of all claims." *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 449–50 (5th Cir. 2022) (quoting *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 411 (5th Cir. 2004)). This appeal concerns only whether the Federation is immune as to non-separable issues in the litigation. Specifically: Even if the Federation could assert immunity for Relator's implied-false-certification and conspiracy claims to the extent these claims are premised on the actions of its Litigation & Law Attorneys—and we do not address that issue here— the Federation must still stand trial on these claims to the extent they are

4

premised on its own actions.  Although a rejection of immunity as to only part of a lawsuit can support interlocutory review in some instances, *see, e.g.*, *Behrens v. Pelletier*, 516 U.S. 299, 311–12 (1996); *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024), this appeal does not fit within the collateral-order doctrine because resolving the immunity question would not conclusively determine a separable legal issue in a way that meaningfully advances the litigation.

Accordingly, interlocutory review of the Federation's attorney-immunity defense is not appropriate.  We DISMISS this appeal for lack of jurisdiction.